Racine Water Co. vs. City of Racine.

RACINE WATER COMPANY, Respondent, vs. CITY OF RACINE, Appellant.

*September 8 — September 28, 1897.*

*Appeal: Finding sustained.*

If the evidence in a case is sufficient to fairly sustain the finding by the trial court of the issues in favor of a party, its judgment will be affirmed on appeal.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

The action is to recover from the defendant city a sum which was due to the plaintiff for the rental of certain hydrants, by the terms of an ordinance of the city, by which the right to construct and operate a system of waterworks for the city had been granted. There was no denial of the indebtedness claimed. But the claim was attempted to be obviated by a defense in the nature of a counterclaim, by which it was alleged that by the terms of the aforesaid ordinance it was the duty of the plaintiff to restore all streets which were in any manner disturbed by the laying of its pipe system or in its operation, and to keep them in good repair; that by reason of the negligence of the plaintiff in the construction of its water main in one of the principal streets, at

a point adjacent to a bridge in such street, which spanned
the track of a railroad, such water main burst and parted,
wherefore the water therein rushed and flowed over and
across the wall which supported the bridge, and over and
along the street, destroying the wall and tearing up the
street; that the plaintiff failed and refused to restore the
street and bridge; that the city repaired the damage, and re-
stored the street and bridge, at large expense, and claims
the right to withhold the rental of the hydrants as indemnity
for such expense.   The plaintiff replied denying that the in-
jury was caused by any negligence on its part.   This was
the dominant issue in the case.

Originally this injured street ran upon an embankment.
This embankment was cut through for a railroad track.   The
railroad company built revetment walls on either side, and
a bridge across the cut.   The testimony tended to show that
the wall built on the east side of the cut was, originally, in-
sufficient and defective in construction, and settled, and be-
came impaired and insufficient to support and endure the
service put upon it.   In 1886 the plaintiff, by permission of
the city, constructed its pipe line across this bridge, and oper-
ated it without difficulty.   In 1892 the Belle City Street
Railway Company, by permission of the city, constructed its
roadway across the bridge, and began to operate its electric
railway and cars over and across the bridge.   The operation
of such cars produced vibrations of the bridge, which caused
the water main to leak.   The plaintiff made such repairs as
seemed practicable, and stopped the leak.   But the repair
was only temporarily effective.   The difficulty recurred until
the catastrophe occurred.   It was claimed for the plaintiff
that the trouble with its pipe and the destruction of the
bridge were caused by the vibrations of the bridge, which
were occasioned by the passage of the cars of the electric
railway across it, which were there operated by permission
of the city; that the bridge had been, in the first instance,

defectively constructed and insufficiently supported by unsuitable and defective walls, and had been permitted to become rotten, and the walls to become dilapidated; that the plaintiff had no control over, and was not responsible for, this condition.

There was a finding for the plaintiff on the issues made by the counterclaim. Among other things, the court found: "That the plaintiff company exercised ordinary care in the construction and operation and repairs of said water main, from time to time, and that said plaintiff was guilty of no negligence in the premises." There was judgment for the plaintiff for the amount of hydrant rentals which had been withheld. From this judgment the defendant appeals.

For the appellant there was a brief by *C. C. Gettings*, attorney, and *Thos. M. Kearney* and *Wallace Ingalls*, of counsel, and oral argument by *Mr. Gettings* and *Mr. Ingalls*.

For the respondent there was a brief by *Hand & Flett*, attorneys, and *Quarles, Spence & Quarles*, of counsel, and oral argument by *J. V. Quarles*.

NEWMAN, J. In the absence of negligence, no ground of plaintiff's liability for the city's loss is suggested. The issue made by the pleadings and tried was the negligence of the plaintiff in the construction and supervision of its works. The issue was found, by the trial court, in favor of the plaintiff. The testimony bearing upon the issue is voluminous, and cannot be reviewed in detail with profit. It is sufficient to say that it looks both ways. Apparently there is sufficient to support a finding of the issue in favor of either party. It cannot be said that the finding is without support in the testimony. It is the long-established and invariable rule of this court that in such a case it will not review the testimony with a view to determine whether the finding of the trial court is supported by the preponderance of the testimony. It is sufficient to require affirmance if

there is evidence which fairly supports the conclusion of the trial court. *Momsen v. Plankinton,* 96 Wis. 166, and cases cited.

*By the Court.*— The judgment of the circuit court is affirmed.