LYLE, Respondent, vs. ESSER, Appellant.

*December 11, 1897 — January 11, 1898.*

*Limitations: Promissory notes: Partial payments: Reference.*

1. In an action on a promissory note given in 1881 in settlement of an account stated, it appeared, among other things, that between that time and 1894 defendant ran an open store account with

Lyle vs. Esser.

plaintiff, payments being made from time to time in money and produce, frequently when he owed nothing; that the note was not mentioned during such time; that no specific application of such payments was made, but the defendant instructed the plaintiff to give him credit therefor and the latter credited them on his books; that in 1893 the plaintiff wrote the defendant for money without specifying for what the same was due; that the defendant supposed his account was paid, but nevertheless made a payment without applying the same; that on March 31, 1893, defendant made his last purchase of plaintiff and thereafter there remained a balance to his credit on the latter's books; that in 1894 defendant made a further payment without inquiring as to the condition of his account or making any application; that thereafter plaintiff applied such balance, including such last payment, to the payment of interest on the note. *Held,* that the note was taken out of the statutes of limitation by part payment.

2. The granting of a reference in such a case was proper, as the trial necessarily required the examination of a long account.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This action was commenced in justice's court. The complaint alleges, in effect, that January 1, 1881, the plaintiff and one F. W. Dufrenne were copartners doing business as merchants under the firm name of Dufrenne & Lyle at Middleton, and had been for some time prior thereto; that on that day the defendant was indebted to the firm on account for merchandise in the sum of $166.59, and gave his note to the firm therefor, payable one year after date, with interest at ten per cent. until paid; that the interest was paid thereon to January 1, 1890; that payments had been made thereon from time to time (the last being made February 7, 1894); that Dufrenne died July 18, 1892; that the plaintiff, as surviving partner, was the owner and holder of the note; and that there was due thereon $200, for which he prayed judgment and costs. The answer alleged, in effect, that on and prior to January 1, 1883, the defendant delivered to the firm property and money in full satisfaction, discharge,

accord and satisfaction of the note in question, and also pleaded the six-years statute of limitations.

The cause having been referred to a referee to hear, try, and determine, and a trial having been had before such referee, at the close thereof the referee found, as matters of fact, in effect, that the note was given to balance a running account, as stated in the complaint; that the store accounts between the parties during 1895–96 were distinct from the accounts and note involved in this suit, and had been balanced, and were disregarded; that between January 1, 1881, and February 7, 1894, no mention of the note was made by either party to the other, but that after that time the plaintiff called the defendant's attention to the note; that prior to February 7, 1894, and after that date, the defendant had been asked for money by the plaintiff, without any statement as to the obligation upon which it was exacted; that between January 1, 1881, and February 7, 1894, when the defendant made the last payment to the plaintiff, the defendant ran an open store account with the plaintiff, and at various times between said dates paid money to the plaintiff when he owed nothing on his book account, and received credit therefor on the plaintiff's books, without reference to the account or the note; that during that time neither party made any application of such payments, except to credit the defendant therefor on the plaintiff's books; that the defendant expected to pay both the note and his book account in cash and produce; that, whenever the defendant paid cash or delivered produce to the plaintiff, he merely instructed the plaintiff to give him credit for the same; that in 1893 the plaintiff wrote to the defendant, asking for a payment of money without specifying for what the same was exacted, whereupon the defendant made a payment to the plaintiff, but made no application of the same; that when the defendant received the letter he supposed his account was paid; that after February 7, 1894, when the last payment was so

made by the defendant, the plaintiff, for the first time, made application of the balance then standing to the defendant's credit by making indorsements of interest on the note, and by preparing a pass book containing the charges of interest on the note, and also the credits of payments made by the defendant, including the payment of February 7, 1894, which pass book was delivered to the defendant; that March 31, 1893, the defendant made his last purchase from the plaintiff, and, after deducting the amount of the purchase, there remained a considerable balance standing on the plaintiff's books to the defendant's credit; that February 7, 1894, the defendant made a further payment of $20 to the plaintiff, but without any inquiry as to the condition of his obligations to the plaintiff, or making any application of the payment or of the amount previously standing to his credit.

As conclusions of law the referee found, in effect, that the plaintiff, as such surviving partner, was entitled to maintain this action; that the plaintiff had the privilege of applying the payment of $20 so made February 7, 1894, upon the note, and that the same was thereby revived and renewed, so that it became a valid, legal, and subsisting debt due from the defendant to the plaintiff; that the plaintiff was entitled to judgment on the note against the defendant in the sum of $200.

Upon application to confirm the report, the court ordered the referee to find additional facts. In obedience to the order the referee found, as additional facts, the following: The state of the accounts between the parties at the end of each year from January 1, 1881 (leaving out of consideration the principal and interest on the note), was as therein stated (showing a balance due the defendant at the end of each year of from $72 to $123.38, except January 1, 1883, when there was $19.60 due the firm). The state of the accounts between the parties at the end of each year from January 1, 1881 (taking into consideration the annual interest on the note in question), was as therein stated, in favor

Lyle vs. Esser.

of the defendant for six years between January 1, 1882, and January 1, 1889, and in favor of the firm and the plaintiff for eight years between January 1, 1883, and January 1, 1895. The defendant never intended to make the plaintiff a gift of any money or property referred to therein.

The court thereupon confirmed the report of the referee, and ordered judgment in accordance therewith. From the judgment entered thereon accordingly the defendant appeals.

For the appellant there was a brief by *Fehlandt & Whelan,* and oral argument by *C. E. Whelan.* They contended, *inter alia,* that the taking of the debt out of the bar of the statute must be by intent of the debtor. The payment made by him must be to the debt barred, and the directness of reference to the particular debt must be apparent. The particular debt must be in the debtor's mind when he makes the payment, and the payment must not be won from him by subterfuge or a long series of skillful maneuvers wherein the barred debt is not once mentioned. *Pritchard v. Howell,* 1 Wis. 131; *Brown v. Parker,* 28 id. 21; *Walrod v. Manson,* 23 id. 393; *Martin v. Fox & Wis. Imp. Co.* 19 id. 552; *Carpenter v. State,* 41 id. 36; *Engmann v. Estate of Immel,* 59 id. 258; *Tippets v. Heane,* 1 Cromp., M. & R. 252; *Mills v. Fowkes,* 5 Bing. N. C. 455; *Linsell v. Bonsor,* 2 id. 241; *Jones v. Langhorne,* 19 Colo. 206; *Lisner v. Hitson,* 95 Ga. 527; Tiedeman, Commercial Paper, § 377; *Gage v. Dudley,* 64 N. H. 271; *Holt v. Gage,* 60 id. 536, 541; *Livermore v. Rand,* 26 id. 90; *Brown v. Latham,* 58 id. 30; *Pond v. Williams,* 1 Gray, 630; *Crow v. Gleason,* 141 N. Y. 493; 1 Wood, Limitations (2d ed.), 271 *et seq.; Harper v. Fairley,* 53 N. Y. 442; *Albro v. Figuera,* 60 id. 630; *Austin v. McClure,* 60 Vt. 456; *Cleaveland v. Dinsmore,* 59 id. 436; *Robie v. Briggs,* id. 450; *Kallenbach v. Dickinson,* 100 Ill. 427; *Armistead v. Brooke,* 18 Ark. 521.

For the respondent there was a brief by *Olin & Butler,* and oral argument by *H. L. Butler.*

Lyle vs. Esser.

CASSODAY, C. J.   The trial of the issue of fact raised by the pleadings necessarily required the examination of a long account, and hence there was no error in granting the reference.   R. S. sec. 2864; *Turner v. Nachtsheim*, 71 Wis. 16; *Sutton v. Wegner*, 74 Wis. 347; *Briggs v. Hiles*, 79 Wis. 571.

Our statutes provide, in effect, that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the cause out of the operation of the statutes of limitation, unless the same be contained in some writing signed by the party to be charged thereby (sec. 4243, R. S.); but that nothing contained in that section shall alter, take away, or lessen the effect of a payment of any principal or interest made by any person, but that no indorsement or memorandum of any such payment, written or made upon any promissory note, bill of exchange, or other writing, by or on behalf of the holder thereof, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the statutes of limitation.   R. S. sec. 4247.

Under these statutes it is very manifest that no oral acknowledgment or promise of the debtor can operate to take a case out of the statute.   There is no pretense that the defendant has ever given or signed any such written acknowledgment or promise.   It is also manifest from the language of the statute that no indorsement or memorandum of any such payment, made by the holder of such instrument without the concurrence of the debtor and actual payment, can operate to take the case out of the statute.   It has been held that even an indorsement of a part payment, in the handwriting of the debtor but not signed by him, will not prevent the operation of the statute, if no money or valuable consideration actually passed between the parties, even if they at the time orally agreed that it should be deemed a payment.   *Blanchard v. Blanchard*, 122 Mass. 558.   But under the statute a part payment actually made by the

Lyle vs. Esser.

debtor has the same effect, as to taking the case out of the statute, as a written acknowledgment or promise to pay the debt, signed by the debtor. To have that effect, however, the debtor must make the part payment on the debt in suit. By making such part payment the debtor admits the balance of the debt to be due, and impliedly agrees to pay it. *Tippets v. Heane*, 1 Cromp., M. & R. 252; *Waters v. Tompkins*, 2 Cromp., M. & R. 723. But, where there are two clear and undisputed debts, the case is not taken out of the statute, as to either debt, by evidence of a part payment within six years, not specifically appropriated to the one debt or the other. *Burn v. Boulton*, 52 Eng. C. L. 476; *Pond v. Williams*, 1 Gray, 630. So it would seem that the part payment, to have the effect of taking the case out of the statute, must be made to the creditor or his agent, or to some one who stands in the relation of personal representative. *Clark v. Hooper*, 10 Bing. 480; *Stamford, S. & B. Banking Co. v. Smith* [1892], 1 Q. B. 769. Such part payment may be shown, however, by any competent evidence. It does not require an express declaration of the debtor at the time of making it. *Waters v. Tompkins, supra.* This court has held that part payment of a debt, after the statute has run, will have the same effect as though paid before the statute had run. *Engmann v. Estate of Immel*, 59 Wis. 249, 259.

Here it would seem that the note was given for the stated balance of the book account, but the account was continued thereafter, and payments credited thereon, right along, as though no note had been given. The state of the account, as found, indicates pretty clearly that the several payments made were intended by the debtor to apply upon the note as well as the book account. The defendant testified to the effect that the plaintiff never asked him to pay interest on the note; that he paid it on his account; that the plaintiff told him once that his account was paid, except the note;

that the plaintiff asked him for money, and he always paid on account, and always told the plaintiff to give him credit for what he paid in; that the plaintiff wrote him a letter (he thought, in 1893) asking for money; that he then thought his account was all paid up; but that he went right after he received the letter, and paid the plaintiff $30. The referee was justified in finding that the defendant never intended to make any gift to the plaintiff. On the contrary, it is apparent, from the dealings and all the circumstances, that the plaintiff exacted the money because it was due him on the note, and that the defendant made the payment because he knew he was indebted to the plaintiff on the note. The payment was therefore made as a part payment on the note. *Marshall v. Holmes,* 68 Wis. 556.

*By the Court.*— The judgment of the circuit court is affirmed.