Leasia vs. Penokee Lumber Co.

LEASIA, Appellant, vs. PENOKEE LUMBER COMPANY, Respondent.

*April 27 — May 16, 1899.*

*Reference: Findings: Affirmance.*

Where an action has been tried by a referee, his findings should be affirmed by the circuit court, unless they are against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action to recover for work and labor performed by the plaintiff for the defendant as superintendent of the defendant's lumber and sawmill business at Morse, Wisconsin. The action was referred to a referee to hear, try, and determine.

It appeared by the evidence that the plaintiff commenced to work for the defendant June 20, 1887, as superintendent of the defendant's business at Morse, Wisconsin. For the first six months of his service he received $50 per month,

Leasia vs. Penokee Lumber Co.

and for the balance of the year he received $62 per month. He continued to work for the defendant until June 20, 1894, receiving pay for the first year at the rate of $1,000 per year, for the second year at the rate of $1,200 per year, and for all the succeeding time up to December 20, 1893, at the rate of $1,400 per year. The plaintiff claims that he was working during these years under yearly contracts, and that he continued so to work until June 20, 1894, at which time he claims a new arrangement was made, whereby the yearly contract was terminated, and he agreed to do certain work per month at $25 per month and house rent. On the other hand, the defendant claims that while the plaintiff was paid up to December, 1893, at certain rates per year (the rate for the last part of the time being $1,400 per year), still that the plaintiff was working under a monthly contract only, and that in December, 1893, this contract was terminated, and a new arrangement made, by which the plaintiff was to do a small amount of work for the defendant at $25 per month and house rent. Practically the only dispute between the parties was whether the new contract for $25 per month and house rent was made in December, 1893, or in June, 1894. The referee found that the plaintiff was working under a yearly contract up to June 20, 1894, and that the new arrangement was made immediately after the last-named date, and as the consequence of these findings concluded that the plaintiff was entitled to judgment for $621, with interest, being the balance unpaid of the last year's contract price and the further sum of $150, with interest, for six months' services under the new contract made in June, 1894.

Upon the hearing of the report before the circuit court the court modified the same, and found that all the plaintiff's work was done by the month, not by the year, but that the rate at which it was agreed that he should be paid by the year commencing June 20, 1893, was $1,400; that the

Leasia vs. Penokee Lumber Co.

defendant had the right to discharge the plaintiff at the termination of any month, and that there is due the plaintiff, under the first contract, terminating about June 1, 1894, $67.58, with interest, only; that shortly after June 20, 1894, the parties made a new contract, whereby the plaintiff continued in the defendant's employ at the rate of $25 per month and house rent for six months terminating December 20, 1894; that on this latter contract the defendant had paid the plaintiff $75; and that there was only due the plaintiff the sum of $67.58 upon the first contract and the further sum of $75 upon the second contract, with interest. Whereupon judgment was rendered for plaintiff for these sums, with costs, and the plaintiff appeals.

For the appellant there was brief by *Cate, Sanborn, Lamoreux & Park*, and oral argument by *A. W. Sanborn*.

For the respondent there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

WINSLOW, J.   We have examined the record and find sufficient evidence contained therein to support the findings of the referee; at least it cannot be said that the clear preponderance of the evidence is against such findings. It would not be useful to review it, hence we simply state our conclusions. It is not necessary to cite authorities to show that in such case the findings of the referee should have been affirmed by the circuit court.   It is somewhat difficult to see how, upon the findings of the court even, the judgment can be justified, inasmuch as it is found that the new contract was not made until after June 20, 1894.   But it is unnecessary to pursue the inquiry.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment for the plaintiff in accordance with the findings of the referee.