ZOESCH, Appellant, vs. THIELMAN and another, imp., Respondents.

*November 25 — December 15, 1899.*

*Reference: Setting aside findings by referee: Sales.*

Defendants and S. having entered into a contract to cut certain saw
   logs and bank the same, plaintiff furnished certain supplies to S.,
   and brought this action, alleging that the defendants and S. jointly
   contracted therefor. *Held*, that the finding of the referee, that de-
   fendants were indebted for such supplies, was against the clear
   preponderance of the evidence.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN GOODLAND, Judge. *Affirmed.*

*A. Kanneberg*, for the appellant.

For the respondents there was a brief by *Cate, Sanborn,
Lamoreux & Park*, and oral argument by *A. W. Sanborn*.

CASSODAY, C. J.   This action was commenced May 28,
1898, against *Robert C.* and *Julius Thielman* (copartners)
and George W. Stubblefield, to recover $646.21 upon an ac-
count for goods, wares, and merchandise sold and delivered
by the plaintiff to the defendants, at their special instance
and request, at divers times between December 29, 1897,
and March 7, 1898, as per itemized statement; that such
goods were reasonably worth the sum stated; that no part
thereof had been paid for except $2.50.

The answer of *Robert C.* and *Julius Thielman* admitted their partnership, but otherwise was a general denial. The defendant Stubblefield made no answer, and did not appear in the case except as a witness.

It appears, in effect, that the plaintiff was a farmer, and kept a general store at Butternut in Ashland county; that the defendant Stubblefield resided in Price county, six miles distant from Butternut; that Thielman Bros. resided in Lincoln county, and ran a meat market at Tomahawk, and also at Merrill, and also were engaged in the lumber business,— owned timber, cut the timber into saw logs, and sold the logs, and let contracts; that December 20, 1897, Thielman Bros. entered into a written contract with Stubblefield, whereby Stubblefield agreed to cut, remove, and deliver into Swamp creek all the pine, spruce, and tamarack suitable for saw logs standing on the lands described; that one third of the price was payable to Stubblefield at the 1st of each month after the logs should be banked and the scale reported, " and the balance to be paid as soon as logs are banked, and all labor and other claims have been paid."

The cause was referred to a referee, and at the close of the trial before him he found, in addition to the facts stated, that December 20, 1897, Thielman Bros. requested the plaintiff to deliver to Stubblefield certain supplies, to be used in the prosecution of his logging operations, and then and there expressly promised and agreed to pay the plaintiff therefor on the 1st day of each month next following the delivery of the goods to Stubblefield; that the plaintiff, relying wholly on such promise, did furnish and deliver to Stubblefield the goods, wares, and merchandise mentioned, and that they were reasonably worth the sum stated; that the goods were sold and delivered solely and exclusively on the credit of Thielman Bros., and that no credit whatever was given by the plaintiff to Stubblefield; that Thielman Bros., and none other, became indebted to the plaintiff for the goods so de-

livered to Stubblefield in the sums stated, and the same became due and payable April 1, 1898, and that no part thereof had been paid though demanded. As conclusions of law he found, in effect, that Thielman Bros. were indebted to the plaintiff in the sum mentioned, with interest from April 1, 1898, and that judgment should be given therefor.

On motions for confirmation of the referee's report and to set aside the same, the trial court being satisfied that the clear preponderance of all the evidence was against all the findings of fact except the first, as to the contract between Stubblefield and Thielman Bros., it was by the court ordered that all the findings of fact and conclusions of law made by the referee except the first be, and the same were thereby, set aside, and the court filed its findings of fact and conclusions of law to the effect that December 20, 1887, Thielman Bros. entered into the contract with Stubblefield mentioned; that the plaintiff did not sell the goods in question, nor any goods, wares, and merchandise, to Thielman Bros., to be delivered to Stubblefield, but did sell such goods, wares, and merchandise to Stubblefield himself; that Thielman Bros. were not in any manner indebted to the plaintiff for or on account of any goods, wares, or merchandise sold as set out in the complaint; that the sum mentioned was due and owing to the plaintiff from Stubblefield; that all the material allegations of the complaint in regard to the cause of action against Thielman Bros. were untrue, and that all the allegations in the answer were true.

And as conclusions of law the court found that the plaintiff was entitled to a judgment against Stubblefield for the amount named, with interest from March 7, 1898, together with the costs and disbursements of this action; that *Robert C.* and *Julius Thielman* were entitled to a judgment against the plaintiff for their costs and disbursements in this action, together with their costs and disbursements in the attachment proceeding in this action, to be taxed by the clerk of the court,—and ordered judgment to be entered accordingly.

From that part of the judgment so entered in favor of Thielman Bros., the plaintiff brings this appeal.

This court has repeatedly held, in effect, that where, as here, a cause has been submitted to and tried by a referee upon oral and conflicting testimony, the findings of such referee should not be set aside unless they are against the clear preponderance of the evidence. *Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214; *Slauson v. Goodrich Transp. Co.* 94 Wis. 646; *Momsen v. Plankinton*, 96 Wis. 166; *Racine W. Co. v. Racine*, 97 Wis. 93; *Stanhilber v. Graves*, 97 Wis. 517; *Cunningham v. Brictson*, 101 Wis. 378.

Such findings of the referee are entitled to the same credit in the circuit court as the findings of the circuit court in a cause tried by it have in this court. *Id.* In the case at bar, and after careful consideration of the evidence, we are forced to the conclusion that the trial court was justified in holding that the findings of the referee were against the clear preponderance of the evidence. In the complaint, verified by the plaintiff, it is alleged that all three of the defendants were indebted to the plaintiff for the goods; and yet there is not a particle of evidence that the three defendants jointly contracted for the goods, and there is nothing in the relationship of the parties from which such joint contract can be implied. The referee found against such theory, and that the plaintiff sold and delivered the goods exclusively on the credit of Thielman Bros., and not on the credit of Stubblefield. On the other hand, the court found that the plaintiff sold and delivered the goods to Stubblefield, and not to Thielman Bros., and that they were not indebted to the plaintiff therefor. As indicated, Stubblefield resided near the plaintiff, and for years had been in the habit of trading with him, and getting credit at his store; and down to the time in question the plaintiff had never refused him credit. On the other hand, Stubblefield lived at a great distance from Thielman Bros., and they knew so little about him that they inquired of the plaintiff as to his responsibility before letting

to him the logging contract, and then carefully protected themselves against his irresponsibility by reserving payments until the logs should be banked, and all labor and other claims against the logs should be paid. It is simply incredible that they would thus secure themselves against loss, and yet authorize the plaintiff to deliver to him goods on their credit, *ad libitum* and without security. Besides, it is conceded that the plaintiff delivered all the goods to Stubblefield, and charged them all to Stubblefield on his books, and did not charge any of them on his books to Thielman Bros., notwithstanding they had an open account with the plaintiff at his store for supplies delivered to Thielman Bros.— McCool camp — situated about six miles by the road from Stubblefield's camp. The plaintiff claims that Thielman Bros. were to pay him monthly for all the goods he delivered to Stubblefield, and yet he never presented to them any such monthly bill, but did send to them bills against their own camp; and in the plaintiff's letter to them inclosing such a bill for $37.33 as per statement inclosed under date of March 21, 1898, he makes this inquiry: " If you are able to give me a report of Stubblefield's *standing,* you would oblige me very much." To that letter Thielman Bros. replied, inclosing check for the $37.33, and added: " We cannot give you any account of *his standing* until we get in his time checks, which will be some time after the first." The facts thus admitted are of more weight than the oral testimony on the part of the plaintiff. The plaintiff probably thought that Stubblefield would get enough out of his job with Thielman Bros. to pay for all the goods. he delivered to him, and possibly thought that Thielman Bros. had assured or guaranteed such payment; but the clear preponderance of the evidence is that they never agreed to pay for such goods as the plaintiff might deliver to Stubblefield.

*By the Court.*— That part of the judgment of the circuit court appealed from is affirmed.