JOHNSON, Appellant, vs. GOULT, Respondent.

*February 28 — March 20, 1900.*

*Referee's findings of fact, when set aside: New trial: Newly discovered evidence: Diligence.*

1. Findings of fact by a referee appointed to hear and decide the whole issue should be set aside by the trial court if they are against the clear preponderance of the evidence, even though there may be some evidence to support them. A remark in *Briggs v. Hiles*, 87 Wis. 447, that such findings have the effect of a verdict of a jury, overruled.

2. A new trial should not be granted on the ground of newly discovered evidence in the absence of a showing that diligence was used to discover and procure such evidence upon the trial.

APPEAL from a judgment of the circuit court for Waushara county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is an action upon an account for moneys advanced, merchandise sold, and labor performed by the plaintiff for the defendant between the 12th day of January, 1893, and the 2d day of February, 1897. The defendant by answer denied any indebtedness, and alleged by way of counterclaim an account in his own favor against the plaintiff for money advanced and property sold to an amount exceeding the plaintiff's claim, and demanded judgment therefor.

The action was referred to a referee to hear, try, and determine; and the referee took the testimony and made findings and stated an account between the parties, by which he found that the plaintiff's credits amounted to $659.91, and the defendant's credits to $583.08, leaving a balance due the plaintiff of $76.83. The referee's findings as to the amount of the plaintiff's credits were based largely upon three receipts which were produced by the plaintiff, and which purported to be signed in pencil by the defendant; such receipts being dated October 13, 1893, April 18, 1894, and April 22, 1895, respectively, and amounting in all to $633.08. The defendant testified that he had never received the moneys supposed to be represented by these receipts, or that, if he had received any part thereof, the amounts received had been duly credited upon his account; and the defendant also claimed that said receipts were forgeries. The referee accepted the receipts as genuine, and found that the sum represented by them had in fact been advanced by the plaintiff to the defendant.

The plaintiff moved the circuit court to confirm the referee's report, and the defendant filed a motion to set the same aside and for judgment upon his counterclaim; and upon the hearing of these motions the circuit judge set aside the findings of the referee as far as the alleged payments represented by said receipts were concerned, and found that the receipts never were executed by the defendant, and adjudged that the defendant was entitled to judgment against the plaintiff for the sum of $549.30, with interest.

After the circuit court had announced its decision setting aside the report of the referee, a motion was made by the plaintiff for a new trial on the ground of newly discovered evidence; such evidence being the evidence of two witnesses, one of whom would testify that he was present when one of the alleged settlements was made between the plaintiff and the defendant, represented by one of the receipts, and

the other of whom would testify that he was present and
saw the defendant sign said receipt.   The motion for a new
trial was overruled, and judgment entered on the findings
of the circuit judge, and the plaintiff appeals.

For the appellant there were briefs by *S. A. Corning* and
*W. N. Kelley*, attorneys, and *Geo. W. Bird*, of counsel, and
oral argument by *Mr. Corning* and *Mr. Bird*.

For the respondent there were briefs by *Cate, Sanborn,
Lamoreux & Park*, and oral argument by *B. B. Park*.

WINSLOW, J.   The questions which arose upon the trial of
this case before the referee were purely questions of fact
upon which the evidence was conflicting.   The plaintiff tes-
tified to a large number of payments which he claims were
made by him to the defendant during the years 1893, 1894,
and 1895, amounting to more than $600, and produced three
receipts evidencing such payments, which he claims the de-
fendant signed and gave him.   The defendant denied re-
ceiving such alleged payments, and testified that he never
signed the receipts produced.   Really, the whole controversy
in the case finally was whether these alleged payments were
made, and the receipts executed by the defendant.   Upon
this issue the referee found for the plaintiff.   The circuit
court, however, reversed the findings of the referee, and
found that the payments had never been made and that the
receipts were forgeries; and the question arising on this
appeal is whether such findings of the trial court shall be
sustained.

The principle of law frequently stated in the decisions of
this court is that the findings of a referee upon conflicting
evidence should not be set aside by the trial court unless
they are against the clear preponderance of the evidence.
They are entitled to the same credit in the trial court that
the findings of the trial court possess in this court.   *Zoesch
v. Thielman*, 105 Wis. 117; *Leasia v. Penokee L. Co.* 103 Wis.

304. This is the rule uniformly applied by this court for many years to the findings made by referees appointed to hear and decide the whole issue.

While it has been held in some jurisdictions that the find-ings of fact of a referee have the effect of the verdict of a jury, such has not been the rule in this court, although lan-guage to that effect was used in the course of the opinion in the case of *Briggs v. Hiles,* 87 Wis. 438, 447. That case, however, was one where the referee's findings of fact were held to be supported by the clear preponderance of the evi-dence, hence it was unnecessary to consider the extreme limit of the weight due to such findings, or to decide that they would be affirmed if there was "*any* evidence to sup-port them." It seems manifestly illogical to hold that a mere referee's finding of fact have greater weight and dig-nity than the findings of a circuit judge who tries the is-sues and finds the facts himself.

Prior to the decision of the last-cited case, the rule was established as first stated in this opinion, and in one case in an opinion by the same justice who wrote the opinion in *Briggs v. Hiles.* See *Walker v. Newton,* 53 Wis. 336; *La Coursier v. Russell,* 82 Wis. 265. That there was no inten-tion to overturn or change this rule in *Briggs v. Hiles* is ap-parent, because these cases are nowhere referred to in the opinion. Since the decision in *Briggs v. Hiles* there have been a number of cases in which the effect of the findings of a referee appointed to hear and decide the whole issue was necessarily considered, and in all of these cases the rule has been stated and applied that such findings are to be affirmed unless they are against the clear preponderance of the evi-dence, in which latter case they are to be reversed, even though there may be some evidence to support them. *Guetz-kow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214; *Hinz v. Van Dusen,* 95 Wis. 503; *Leasia v. Penokee L. Co.* 103 Wis. 304; *Zoesch v. Thielman,* 105 Wis. 117. The effect of

these cases is practically to overrule the remark above re-
ferred to in the case of *Briggs v. Hiles*, and it must be so
considered.   We have not overlooked the last clause of sec.
2865, Stats. 1898, which provides, "When the reference is
to report the facts the report shall have the effect of a special
verdict."   This clause has existed in the same words and
connection ever since the adoption of the Code (sec. 182,
ch. 120, Laws of 1856), and it must be considered as defin-
itely construed by the cases above cited, all of which were
decided during the existence of the provision.

Coming to the facts of the present case, we think, after
careful examination of the evidence, that the circuit judge
was justified in concluding that the referee's findings upon
the question of the advancing of moneys by plaintiff to de-
fendant, and the execution of the receipts in question by the
defendant, were contrary to the clear preponderance of the
evidence.   The improbability of the plaintiff's acquiring such
sums from any means of revenue which he was shown to
have seems very great.   The receipts seem suspicious upon
their face.   Witnesses familiar with defendant's handwrit-
ing denied that the signatures were genuine.   The plaintiff's
veracity was impeached.   And, in addition to these facts, it
must be remembered that the circuit judge, even though the
testimony was taken by a referee, doubtless had means and
opportunities, not possessed by us, which enabled him to ap-
preciate more justly the character and intelligence of the
parties and their witnesses, and aided him in determining
the weight of the evidence.   *Ely v. Daily*, 40 Wis. 52.

The only other question in the case arises upon the motion
for new trial upon the ground of newly discovered evidence.
The argument that such newly discovered evidence was
cumulative merely is quite strong; but, however this may
be, there is a fatal defect in the moving papers, which must
result in affirmance of the order.   It was not shown, even
by a general allegation in the affidavits, that any diligence

had been used in attempting to discover and procure such evidence upon the trial. This is an essential allegation. New trials on the ground of newly discovered evidence are not granted in its absence.

*By the Court.*— Judgment affirmed.