PARCHER, Respondent, vs. DUNBAR, Appellant.

*June 1—June 18, 1903.*

*Reference: Powers and duty of referee: Appeal: Findings of trial court, when disturbed: Practice.*

1. An order of reference directed that the issues in the action be referred to the referee, "to take the testimony and state the account between the parties." *Held*, that such order did not empower the referee to hear, try and determine any part of the issues in the case.

2. In such case, where the referee has proceeded to try such issues, and incorporated in his report findings which were beyond the scope of his authority and power under the order, the court can properly disregard such determination and proceed as though the report were properly submitted.

3. When the findings of the trial court are well supported by the evidence they cannot be disturbed on appeal.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This action was commenced by Nellie M. Guenther against the appellant and respondent, as defendants, for an accounting and a partition of lands described in the complaint. In April, 1900, Nellie M. Guenther and *Dunbar* and *Parcher* purchased a tract of timber land. It was agreed that Nellie M. Guenther should have a one-third interest in these lands and the profits from the sales thereof upon payment of one third of the purchase money and one third of all moneys advanced in conducting the business connected with the land and timber; all said sums to draw interest at the rate of ten per cent. per annum. Plaintiff and her husband were to devote all of the time required in managing the land and conducting the lumber business thereon, without charge against the defendants, and were to receive one third of all the receipts the enterprise yielded. The defendants were to provide the money to purchase the lands and conduct the lumbering business. The sums required to carry on the enterprise were furnished equally by them. One third of all such

amounts, with interest, was charged to the planitiff, Guenther, who was credited with one third of the proceeds realized up to the commencement of this action. She alleged in her complaint that the amount realized from this enterprise was sufficient to pay for her one third, with interest, and demanded an accounting. The defendants answered separately and denied her claim.

All matters in difference between the parties have been disposed of by stipulation, except the controversy between appellant and respondent as to three promissory notes hereinafter specified. Before trial, appellant purchased all right, title, and interest in the subject-matter of the action, except the notes taken by them from the North Side Lumber Company for lumber which was obtained from these lands. These notes were dated July 10, 1895, and amounted in the aggregate to $3,239.81. The notes were payable to appellant and respondent. Appellant alleges that he sold his half interest in these notes July 20, 1895, with accrued interest, and he received payment from respondent by check. Respondent denies this claim, and alleges that he received the three notes from appellant as security, upon condition that if they were paid while he so held them the money was to be applied in payment of such advancement, otherwise the loan or advancement was to be paid by the parties. One of the notes for $1,000 and interest was paid at maturity, which amount was applied by respondent on the amount advanced. The remaining two notes were not paid, on account of the insolvency of the North Side Lumber Company.

The case was referred to E. B. Lord, an attorney at law, to take the testimony, state the account between the parties, and report to the court. The referee reports specifically as to the matter in controversy on this appeal:

"That there is a failure of any preponderance of evidence to establish *Mr. Parcher's* [respondent's] contention under his answer in regard to the three notes of the North Side

Lumber Company, which were transferred to him by *Mr. Dunbar* July 20, 1895; and that by such transfer *Mr. Parcher* became the sole and absolute owner of said notes, without any agreement of recourse on the part of *Mr. Dunbar* or the plaintiff."

He found, further, that there is no account to be stated between *Parcher* and *Dunbar*, and that plaintiff's credit of $1,082.03, July 20, 1895, was correct, and should stand. This credit had been given Mrs. Guenther by *Mr. Dunbar*, who kept the books of account with plaintiff. Upon the referee's report the court decided that the notes had not been purchased by respondent, but were the property of plaintiff and defendants *Parcher* and *Dunbar* at the commencement of this action, and that they must bear the loss incident to the failure of their payment. Therefore the court directed a restatement of the account to correspond with the decision, and ordered judgment to be entered accordingly. The referee restated the account pursuant to such direction, which the court approved, and judgment was entered against the appellant and in favor of respondent for the sum of $864.24, without costs. From this judgment he appeals.

For the appellant there was a brief by *E. L. & F. E. Bump,* and oral argument by *E. L. Bump.*

For the respondent there was a brief by *Hurley & Jones,* and oral argument by *M. A. Hurley.*

SIEBECKER, J. The important question controverted was whether appellant sold to respondent his interest in the three North Side Lumber Company notes. The errors assigned in the record are covered by a determination of this issue. It appears that the court had not determined any of the rights of the parties under the issues before this reference was made. The order of reference directs that the issue in the action be referred to the referee, "to take the testimony and state the account between the parties." This reference clearly did not empower the referee to hear and try the whole issue, or that

he should hear and determine any part of the issue in the case. The plain import of the order of reference is that the referee should take the testimony material to the issue and report thereon his statement of the account between the parties for the information and assistance of the court. The referee could do no more than the order prescribed. Secs. 2864, 2865, Stats. 1898; *Best v. Pike,* 93 Wis. 408, 67 N. W. 697. An inspection of the referee's report discloses the fact that he incorporated findings upon issues which were beyond the scope of his authority and power under the order. He attempted to decide the vital issue of the case involved on this appeal between appellant and respondent. The court, however, was not bound by such determination, and could properly disregard such determination and proceed as though the report were properly submitted. The result is that the basic issues were left to be decided by the court upon the testimony. It proceeded and made its findings of fact and determined the rights of the respective parties. Was the court's finding on the issues between the appellant and respondent as to the sale of these notes contrary to the clear preponderance of the evidence? A careful examination of all the evidence material to this issue leads us to the conclusion that the findings of the court are well supported by the evidence and cannot be disturbed.

A restatement of the account as first reported by the referee necessarily resulted from the difference between the court's findings on the fundamental rights of the parties, and the theory adopted by the referee in stating the account in the first instance as applicable to the parties' rights. This difference in result did not in any respect affect the correctness of the items entering into the account, and it was finally properly stated and approved by the court. We must hold upon the record that no ground exists to disturb the findings and judgment of the trial court.

*By the Court.*—Judgment affirmed.