WILT, Appellant, vs. NEENAH COLD STORAGE COMPANY, Respondent.

*December 8, 1906—January 8, 1907.*

*Appeal and error: Appealable orders: Order of reference: Jurisdiction of supreme court.*

1. An order of reference involves the merits of the action and is reviewable on an appeal from the judgment under sec. 3070, Stats. 1898, but does not prevent a judgment from which an appeal may be taken, and hence is not reviewable under subd. 1, sec. 3069.
2. The right of appeal is statutory, and, where not given, an appeal in form does not confer jurisdiction.

APPEAL from an order of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Dismissed.*

Action to recover on 135 causes of action, each being on

contract. All but eight were the same in the essential features as the second relative to the question of whether the cause, in the whole, was a proper one for a compulsory reference to hear, try, and determine. The second was to recover the reasonable value of a specified amount of milk alleged to have been furnished by a person named to the defendant between specified dates, the dealings being with one A. C. Werth, agent of the defendant and duly authorized in the matter, and the claim being assigned for a valuable consideration to the plaintiff before the commencement of the action. The other causes of action were each alleged to have been likewise assigned to the plaintiff. Each of four of them was to recover the agreed price for a specified amount of labor performed by a person named for the defendant at the request of its agent Werth. Each of three was to recover for merchandise alleged to have been sold to Werth as such agent. The remaining cause of action was to recover the agreed rent for a cheese factory, the dealings being with Werth as such agent. All allegations of the complaint, except that in respect to the corporate character of the defendant, were put in issue by the answer. An application was made for a compulsory reference of the whole case to hear, try, and determine the issues. It was opposed by the plaintiff, affidavits being presented to the effect that the main question in controversy was as to whether Werth was the agent of and authorized to bind defendant, as alleged in the complaint, and that in the event of such issue being decided against the latter it would consent to a reference to take the accounts, if any accounting was necessary, and that eight of the causes of action did not involve any accounting whatever. The application was granted and plaintiff appealed.

For the appellant the cause was submitted on the brief of *Eberlein & Eberlein.* They contended, *inter alia,* that before a court can order a reference against the consent of one of the parties it must appear and be clearly shown that the

examination of a long account is necessary, and the burden of proof is upon the party asking for the reference. *Knips v. Stefan,* 50 Wis. 286, 288; *Spence v. Simis,* 137 N. Y. 618; *Cassidy v. McFarland,* 139 N. Y. 201, 207; *Thayer v. McNaughton,* 117 N. Y. 111. Courts have often construed the term "account," and it has been uniformly held to mean an account in the ordinary acceptation of the term. *Willard v. Doran & W. Co.* 48 Hun, 402; *Untermeyer v. Beinhauer,* 105 N. Y. 521; *Merritt v. Virgelius,* 28 Hun, 420; *Druse v. Horter,* 57 Wis. 644. It is also a familiar rule that the account to be examined must not be collaterally involved, but must be the immediate object of the suit. *Camp v. Ingersoll,* 86 N. Y. 433; *Andrus v. Home Ins. Co.* 73 Wis. 642; *Thayer v. McNaughton,* 117 N. Y. 111; *Cornell v. U. S. Ill. Co.* 16 N. Y. Supp. 306; *Pawn v. Irwin,* 25 N. Y. Supp. 871. If a complaint contains two causes of action, one of which is clearly referable and the other not clearly referable, and in the second case, if it had been brought separately, the plaintiff would have been entitled to a jury trial, the whole issues should not be referred. The court should refer only the first cause of action which contains a referable issue, and thus give the plaintiff the benefit of a jury trial in the second cause of action. *Thompson v. Shepherd,* 9 Johns. 262; *Green v. Ames,* 14 N. Y. 225; *Peabody v. Cortada,* 21 N. Y. Supp. 680; *Reiser v. Plath,* 13 N. Y. Supp. 272. If independent issues are raised by the pleadings, or issues the determination of which may render an accounting unnecessary, they should first be tried in the proper forum, if in a common-law case before a jury, and if upon their determination an accounting is necessary they should then be referred to a referee to determine the same. *Malone v. St. Peters,* 172 N. Y. 279; *Leary v. Albany B. Co.* 72 N. Y. Supp. 657; *Best v. Pike,* 93 Wis. 408, 414; *Camp v. Ingersoll,* 86 N. Y. 433; *Andrus v. Home Ins. Co.* 73 Wis. 642.

[No brief on file for the respondent.]

MARSHALL, J.   It is considered that the order is not appealable.   The only part of the appeal statute where such orders are referred to is the first clause of subd. 1, sec. 3069, Stats. 1898.   The order is one "affecting a substantial right made in an action."   The second clause of such subdivision limits the right of appeal from such an order to cases where it "in effect determines the action and prevents a judgment from which an appeal might be taken."   If such orders were appealable prior to the law of 1895 (ch. 212), it was under subd. 4, sec. 3069, R. S. 1878, which was repealed by such law.   An order of reference involves the merits (*Cairns v. O'Bleness,* 40 Wis. 469; *Knips v. Stefan,* 50 Wis. 286, 6 N. W. 877), and so is reviewable on appeal from the judgment under sec. 3070, Stats. 1898, but it does not prevent a judgment from which an appeal may be taken.   It will be found that in the instances where such an order has been reviewed in recent years there was an appeal from the final judgment.   *Lyle v. Esser,* 98 Wis. 234, 73 N. W. 1008; *Johnson v. Goult,* 106 Wis. 247, 82 N. W. 139; *Jordan v. Estate of Warner,* 107 Wis. 539, 83 N. W. 946; *Parcher v. Dunbar,* 118 Wis. 401, 95 N. W. 370; *Hart v. Godkin,* 122 Wis. 646, 100 N. W. 1057.

Since appellant's counsel carefully briefed the question of whether the cause, under the circumstances, was a proper one for a compulsory reference, and expressed an earnest desire for a decision of that question instead of the judgment appealed from being reversed under the rule, because of respondent's failure to file a brief, we would certainly satisfy such desire if permitted to do so, instead of allowing the question to remain in the case undisposed of and so a probable source of future difficulty, but we are not so permitted.   The right of appeal is statutory, and where not so given, an appeal in form does not confer jurisdiction upon this court.

*By the Court.*—The appeal is dismissed.