MARKMAN, Respondent, v. BECKER, Administratrix, Appellant.

CASTLE CHEMICAL COMPANY, Respondent, v. SAME, Appellant.

*February 2—March 3, 1959.*

For the appellant there was a brief by *Patrick M. Gannon* of Rice Lake, and *F. E. Van Sickle* and *George Strang,* both of Barron, and oral argument by *Mr. Gannon.*

For the respondents there was a brief by *Coe & Coe* of Rice Lake, and oral argument by *Edward J. Coe.*

Brown, J.  Appellant states the issue thus:

"Does a garnishment action survive the death of the principal defendant when the principal defendant dies after the service of garnishee summons and complaint but prior to judgment thereon?"

If there is any difference in the statement of the question, respondent's statement of the question is more accurate:

"Does a garnishment action, commenced by proper personal service upon the principal defendant and upon the garnishee defendant, abate upon the death of the principal defendant after service but before judgment where the liability of the principal defendant to the plaintiff is upon contract and the liability of the garnishee defendant to the principal defendant is upon contract?"

Sec. 331.01, Stats., reads:

"What actions survive.  In addition to the actions which survive at common law the following shall also survive: Actions for the recovery of personal property or the unlawful withholding or conversion thereof, for the recovery of the possession of real estate and for the unlawful withholding of the possession thereof, for assault and battery, false imprisonment or other damage to the person, for all damage done to the property rights or interests of another, for goods taken and carried away, for damages done to real or personal estate, equitable actions to set aside conveyances of real estate, to compel a reconveyance thereof, or to quiet the title thereto, and for a specific performance of contracts relating to real estate.  Actions for wrongful death shall survive the death of the wrongdoer whether or not the death

of the wrongdoer occurred before or after the death of the injured person."

It is apparent that garnishments are not specifically named as those which survive the death of a defendant. We must then inquire whether we have a question of survivorship at common law. The first line of the statute implies that some common-law actions survive. In truth, at common law actions do not survive at all; rather, it is *causes of action,* not actions themselves, which survive. Our court has construed "actions" in sec. 331.01, Stats., to mean "causes of action." Referring to this statute we said:

". . . 'In addition to the actions which survive at common law the following shall also survive.' It is plain that the legislature used the term 'actions' in this phrase as descriptive of that which survived at common law, which, technically speaking, was the cause of action. It used the term 'actions' in the remaining portion of the section in the same sense in which it was used in the opening phrase, which, obviously, included causes of action. The purpose of this section was to enlarge common-law survivorship. *Harrigan v. Gilchrist,* 121 Wis. 127, 340, 99 N. W. 909." *Mesar v. Southern Surety Co.* (1929), 197 Wis. 578, 580, 222 N. W. 809.

Causes of action upon contract survived at common law and therefore are expressly designated as surviving under sec. 331.01, Stats. Appellant does not claim to the contrary. In the present cases there are causes of action upon contracts between the respective plaintiffs and Becker and also causes of action on contracts between Becker and Thorp Finance Corporation which was so indebted to him. There can be no doubt that these causes of action survived.

Garnishment is an action commenced by summons and complaint and terminated by judgment. *In re Henry S. Cooper, Inc.* (1942), 240 Wis. 377, 2 N. W. (2d) 866. While garnishment is an action, it is one not known to the

common law, but is special, statutory, and in derogation of the common law. *Wells v. American Express Co.* (1882), 55 Wis. 23, 11 N. W. 537, 12 N. W. 441; 4 Am. Jur., Garnishment, p. 555, sec. 8. So, if garnishment is the "cause of action" it is not one which survives by virtue of sec. 331.01, Stats.

We consider that garnishment is not a "cause of action." As the learned trial court says, garnishment is an action available to parties when they have a cause of action. In *American Can Co. v. Stare* (1912), 150 Wis. 627, 138 N. W. 67, we were required to decide whether there was one or two causes of action in a complaint which sought foreclosure of the pledge of property plus judgment for deficiency. We said that the purpose of the plaintiff is to collect the debt. The securities are an auxiliary aid or adjunct which enables the plaintiff to collect his debt, but there is only a single cause of action, which is that of the primary right to collect the debt and the corresponding duty of the defendant to pay it. And in a somewhat similar case, *South Bend Chilled Plow Co. v. George C. Cribb Co.* (1900), 105 Wis. 443, 446, 81 N. W. 675, we determined that the primary right sought to be enforced was there the one, and only, cause of action, which was to compel defendant's officers to account. The court said:

". . . the test of whether there is more than one cause of action stated in a complaint is not whether there are different kinds of relief prayed for or objects sought, but whether there is more than one primary right sought to be enforced or one subject of controversy presented for adjudication. [Case cited.] In every cause of action there must exist a primary right, a corresponding primary duty, and a failure to perform that duty. The result may be, and often is, that the wronged party is entitled to several kinds of relief."

The scope of the prayer for relief cannot change it into more than one cause of action. Idem.

Thus we conclude that in the Markman action, and likewise in the Castle Chemical Company case, there was but one cause of action, based on contract, and therefore one which survived at common law and, by virtue of sec. 331.01, Stats., still survives the death of Mr. Becker.

This brings us to the last step,—abatement.

Sec. 269.13, Stats., provides:

"WHEN ACTION NOT TO ABATE. An action does not abate by the occurrence of any event if the cause of action survives or continues."

We conclude that the causes of action, the rights to enforce the contracts, have survived and the garnishment actions which were auxiliary to those causes have not abated.

We appreciate the excellent briefs on both sides and acknowledge the help which we received from them.

Both judgments are affirmed.

*By the Court.*—Judgments affirmed.