GLENS FALLS INSURANCE COMPANY OF NEW YORK and another, Plaintiffs and Respondents, v. CONCRETE RESEARCH, INC., and another, Defendants and Appellants: JOHN HENNES TRUCKING COMPANY, Defendant.*

*No. 256. Submitted under sec. (Rule) 251.54 March 1, 1973.— Decided March 27, 1973.*

(Also reported in 205 N. W. 2d 165.)

---

[7] *See also: Artmar, Inc. v. United Fire & Casualty Co.* (1967), 34 Wis. 2d 181, 185, 186, 148 N. W. 2d 641, 151 N. W. 2d 289.

* Motion for rehearing denied, with costs, on June 5, 1973.

For the appellants the cause was submitted on the brief of *Niebler & Niebler*, attorneys, and *Chester J. Niebler* of counsel, all of Menomonee Falls.

For the respondents the cause was submitted on the brief of *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee.

PER CURIAM. Plaintiffs sued, alleging that the collapse of the building was caused by the negligence of the defendants. The defendants answered, denying negligence. They also raised affirmative defenses of waiver or estoppel and accord and satisfaction arising out of the settlements between the plaintiffs and the owner and general contractor under the insurance policies issued by plaintiffs. The parties stipulated the issues raised by the affirmative defenses should be tried separately. Accordingly, a hearing was held, evidence was given, and the trial judge rendered findings of fact and conclusions of law and a document called an "interlocutory judgment."

The first question in this case is whether the determination of the trial judge is in fact an interlocutory judgment. To qualify under sec. 270.54, Stats., the finding or decision must substantially dispose of the merits and must determine whether a duty or liability presently exists. *Northland Greyhound Lines v. Blinco* (1956), 272 Wis. 29, 74 N. W. 2d 796. The document in this case does not meet these standards. The liability or duty of the defendants has not been determined because

the issue of their negligence remains to be tried. Accordingly, the "judgment" is nothing more than an order striking the affirmative defenses of the defendants, and is not appealable because it is not the substantial equivalent of a demurrer. *Gauger v. Ludwig* (1972), 56 Wis. 2d 492, 202 N. W. 2d 233; *Kania v. Chicago & North Western Ry. Co.*, No. 327, post, p. 762, 204 N. W. 2d 681.

The appeal is dismissed.