ASPENLEITER, Appellant, v. WILLIAM BEAUDOIN & SONS, INC., Respondent: GAYNOR and another, Impleaded Defendants.

*No. 57. Argued June 4, 1974.—Decided June 28, 1974.*
(Also reported in 219 N. W. 2d 310.)

For the appellant there were briefs by *Eisenberg & Kletzke,* of Milwaukee, and oral argument by *Jerome F. Pogodzinski,* of Milwaukee.

For the respondent there was a brief by *Simarski, Goodrich, Brennan & Stack,* attorneys, and *Charles W. Collins* of counsel, all of Milwaukee, and oral argument by *Mr. Collins.*

HANLEY, J. The issue presented on this appeal is whether or not a nonparty defendant can invoke a prior jury determination of damages sustained as res judicata as to that issue in a subsequent action. However, a preliminary question arises as to whether the order of the circuit court was appealable.

While the issue of appealability was not raised by the parties herein, such must be raised by this court on its own motion and, if said order is determined to be nonappealable, the appeal must be dismissed. *United States v. Burczyk* (1972), 54 Wis. 2d 67, 194 N. W. 2d 608. When an order appealed from is nonappealable, the supreme court is without jurisdiction to entertain the appeal and dismissal is required. *Estate of Hillery* (1970), 46 Wis. 2d 689, 176 N. W. 2d 376.

The order of the trial court liquidating damages is not an appealable order. Appealable orders are delineated by sec. 274.33, Stats. Sec. 274.33 (1) limits the appealability of orders to those

". . . affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

As such, all three statutory conditions as delineated by sec. 274.33 (1), Stats., must exist for such order to be appealable. The order liquidating damages does not herein qualify under sec. 274.33 (1). The order does not prevent the taking of a judgment from which an appeal may be taken.

The wisdom of such a statutory limitation as to those orders which are appealable under sec. 274.33 (1), Stats., is obvious. Any determination on appeal as to the validity of an order liquidating damages is of dubious value until a determination of liability is made. If the trier of fact upon remand of a decision in the instant action determines that William Beaudoin & Sons, Inc., was not liable for the plaintiff's damages, this court has rendered a needless determination. If, on the other hand, the appeal in the instant action is dismissed and if the trier of facts determines that Beaudoin is liable for those damages liquidated by the court, this court would have jurisdiction (sec. 274.01) to either affirm or reverse the action of the trial court.

It cannot be contended that the order of the trial court liquidating damages to those determined by a jury in a previous action is an interlocutory judgment. An interlocutory judgment, as defined in sec. 270.54, Stats., must substantially dispose of the merits of the case. *Northland Greyhound Lines v. Blinco* (1956), 272 Wis. 29, 74 N. W. 2d 796. Such an interlocutory judgment must determine whether any duty or liability presently exists. *Glens Falls Ins. Co. v. Concrete Research* (1973), 57 Wis. 2d 744, 205 N. W. 2d 165. Since the order of the trial court liquidating damages does not in any way determine whether the defendant Beaudoin had any duty or liability to the plaintiff, such an order cannot be determined to be an interlocutory judgment.

The order of the trial court likewise is not appealable under any other subsection of sec. 274.33, Stats. We

conclude that the appellant is not entitled to appeal from the order liquidating damages.

*By the Court.*—Appeal dismissed.