COLLINS, Plaintiff-Appellant, v. GEE, a/k/a D. W. Gee, and wife, Defendants-Respondents.

*No. 75-637. Submitted on briefs January 5, 1978.—*
*Decided March 7, 1978.*
(Also reported in 263 N.W.2d 158.)

For the appellant the cause was submitted on the brief of *Max E. Geline* of Milwaukee.

For the respondent the cause was submitted on the brief of *Howard G. Brown* and *Shellow & Shellow* of Milwaukee.

HEFFERNAN, J. The judgment entered on August 14, 1975, set aside a written stipulation of settlement and dismissed the plaintiff's wrongful-death action on the ground that the death of the plaintiff prior to judgment terminated the cause of action.

The action was brought by Thomas Collins, Sr., against De Witt Gee, Jr., and Elgie Gee for the wrongful death of Collins' son. The action was commenced by a summons and complaint, which were filed with the court on May 19, 1970. Trial on this action for wrongful death was to a jury. On July 14, 1971, the jury awarded the plaintiff damages in the sum of $10,139.

After motions after verdict, Judge Elmer Roller concluded that the damages were excessive. By order filed October 21, 1971, he gave the plaintiff, Thomas Collins, Sr., the option of accepting, within twenty-one days, a reduced judgment in the amount of $4,169 or a new trial limited to the issue of damages. The order further provided that, if the plaintiff exercised the option to accept the reduced sum, "judgment may be entered upon said verdict for said sum." The option to accept the reduced award was never exercised. Under the terms of the order, therefore, the plaintiff's only alternative was to proceed to a new trial on the question of damages only.

More than two years later, on December 26, 1973, the plaintiff moved to have the court schedule a trial on the damage issue. This apparently precipitated further negotiations on the question of damages, for, in February of 1974, counsel for the defendants proposed settlement. Defense counsel prepared a stipulation, which provided for the dismissal of the action upon payment to the plaintiff of the sum of $4,000. This stipulation was sent to the plaintiff's attorney on March 4, 1974.

Unbeknownst to defendants or their attorney, the plaintiff, Thomas Collins, Sr., died on February 6, 1974. During the course of the probate of Collins' estate, a special administratrix was appointed, and she was authorized by the probate court to sign the stipulation for the settlement of the action as proposed by defense counsel. Upon return of this stipulation, signed by the special administratrix, defense counsel learned, apparently for the first time, that the plaintiff Collins had died. He thereupon moved the trial court for an order dismissing the action for wrongful death on the ground that the cause of action under the wrongful death act (sec. 895.04, Stats. (1973)), was personal to Thomas

Collins, Sr., and that it terminated with his death prior to judgment. In addition, he asked that the settlement stipulation executed by the defendants be set aside on the ground that it was executed in the belief that the plaintiff was alive to accept or reject it.

Judge Harold B. Jackson, the successor to Judge Roller, set aside the stipulation, because the plaintiff's death was a pertinent fact which was not known at the time of the defendants' submission of the stipulation. The court then dismissed the action, concluding that the plaintiff's cause of action for the wrongful death of his son terminated upon the death of the plaintiff.

The wrongful death act, in the parts pertinent to this action, provides:

"Sec. 895.04 [1973] Plaintiff in wrongful death action. (1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

"(2) . . . If there are no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death. . . ."

Both the plaintiff and the defendants rely upon the last quoted sentence of sec. 895.04(2), Stats. That sentence states that, if a relative of the deceased who has brought an action dies before judgment in the action which he has brought, the relative next in order is entitled to recover for the wrongful death. It is conceded by both parties that, had Thomas Collins, Sr., exercised the option to accept judgment for the damages as reduced by the trial judge, and if judgment had been in fact entered prior to plaintiff's death, that judgment would be an asset of the estate of Thomas Collins, Sr.,

and his estate would have been entitled to collect on that judgment.

Although judgment was never entered, the attorney for the plaintiff argues that the order of the trial judge following motions after verdict was an interlocutory judgment; and because a "judgment," although interlocutory, had been entered, the cause of action did not abate, no other relative succeeded to the entitlement to recover, and the estate of the original plaintiff could, accordingly, enforce the stipulation of settlement.

We conclude that this contention is incorrect.

The order of the judge which gave the option to the plaintiff of accepting judgment for a reduced amount or having a new trial was not intended to be a judgment. It was denominated as an order. It was an appealable order under the rationale of *Powers v. Allstate Ins. Co.*, 10 Wis.2d 78, 102 N.W.2d 393 (1960), and *Lucas v. State Farm Mutual Automobile Ins. Co.*, 17 Wis.2d 568, 117 N.W.2d 660 (1962), but it did not conform with the statutory definition of a judgment. Sec. 270.53, Stats. (1973), provides:

"Judgment and order defined. (1) A judgment is the *final determination* of the rights of the parties in the action.

"(2) Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order." (Emphasis supplied.)

It is true that, had the plaintiff elected to take the option for the reduced amount of damages, the order could be considered as a conditional order for judgment, *i.e.*, the plaintiff, upon accepting the option for reduced damages, had the absolute right to a judgment which finally determined the rights of the parties in the action. That option was not exercised and was terminated by the twenty-one-day time limitation placed upon the right

of the plaintiff to exercise that option. The plaintiff's only right following the expiration of that time was to go to trial on the question of damages.

While it is clear that what the court entered was not a judgment, because it did not finally determine the rights of the parties to the action, plaintiff's counsel contends that, nevertheless, it was an interlocutory judgment. The plaintiff's assumption is that an interlocutory judgment, as defined in sec. 270.54, Stats. (1973), is identical to the term "judgment" as it is used in sec. 895.04. We do not believe this is correct. The plaintiff has presented no authority which indicates that sec. 895.04(2) contemplated that an interlocutory judgment obtained by a wrongful death beneficiary, who then dies, would vest the proceeds of the right of action in that plaintiff's estate.

"Judgment," as that term is used in sec. 895.04, Stats. (1973), contemplates a final, not an interlocutory, judgment.

Furthermore, we are satisfied that the order entered by the trial judge following the motions after verdict was not an interlocutory judgment.

Sec. 270.54, Stats. (1973), describes an interlocutory judgment in the following terms:

"In case of a finding or decision substantially disposing of the merits, but leaving an account to be taken, or issue of fact to be decided or some condition to be performed, in order fully to determine the rights of the parties, an interlocutory judgment may be made, disposing of all issues covered by the finding or decision, and reserving further question until the report, verdict or subsequent finding."

Under this statutory provision, for a written decision to qualify as an interlocutory judgment, that decision must substantially dispose of the merits of the con-

troversy. The general nature of an interlocutory judgment, as described in the statute, makes clear that what remains to be decided must be susceptible to a substantially ministerial, fact-finding function, *e.g.*, determination from objective facts is to be made. For example, in *Kickapoo Development Corp. v. Kickapoo Orchard Co.*, 231 Wis. 458, 285 N.W. 354 (1939), an accounting was to be had to determine the amount of profit. *Dehnart v. Waukesha Brewing Co.*, 21 Wis.2d 583, 124 N.W.2d 664 (1963), left as the question to be determined the earnings of various employees. Each of these interlocutory judgments disposed of the merits and left to be determined only facts which could be ascertained by objective standards.

In the instant case, what was left to be determined by the new trial was the subjective evaluation of damages by the jury. The fact-finding process which would be required by the new trial is entirely different than that contemplated to ensue following the entry of an interlocutory judgment.

We, accordingly, conclude that the order entered following the motions after verdict was neither a final judgment nor an interlocutory judgment. We emphasize again that, even were the order properly denominated an interlocutory judgment, the requisite of sec. 895.04, Stats. (1973), that the deceased plaintiff have a "judgment" is not satisfied. Accordingly, upon the death of Thomas Collins, Sr., "the relative next in order [was] entitled to recover for the wrongful death."

Because it is conceded by the parties and because it is clearly the law of Wisconsin that a cause of action of a particular beneficiary under the wrongful death statute terminates upon the death of the beneficiary where no

judgment has been entered,[1] it inevitably follows that the stipulation is a nullity.

The trial judge was not in error when he concluded that the stipulation could be set aside under sec. 269.46 (1), Stats., because of the mistaken belief of the defendants' attorney that the plaintiff was alive to execute the stipulation of settlement. More important, however, we believe, is the fact that, upon the death of the plaintiff, his cause of action ceased to exist.

The consideration for the defendants' promise to pay the proposed judgment in the amount of $4,000 was contingent upon the plaintiff's giving up the valuable right to proceed to trial on damages. When the plaintiff died, that valuable right terminated and there could be no consideration for the promise of the defendants. The special administratrix stipulated to forego a right which the estate did not possess. Accordingly, the stipulation was void.

We, accordingly, conclude that the trial judge properly dismissed the plaintiff's complaint because the plaintiff's cause of action did not survive his death and because, for the lack of a judgment, as is required by sec. 895.04, Stats., the estate acquired no rights in any proceeds of the cause of action. The court properly dismissed the action.

*By the Court.*—Judgment affirmed.

---

[1] When a statutory beneficiary dies without having fulfilled the statutory prerequisites for survival of the cause of action to the estate of that beneficiary, the cause of action of that beneficiary terminates, and the relative next in order obtains the right to sue. *Arendt v. Kratz,* 258 Wis. 437, 46 N.W.2d 219 (1951); *Eleason v. Western Casualty & Surety Co.,* 254 Wis. 134, 35 N.W.2d 301 (1948).