THOMAS/VAN DYKEN JOINT VENTURE, and another,
Appellants, v. VAN DYKEN, Respondent.

Supreme Court

*No. 76–104. Argued January 9, 1979.—
Decided June 12, 1979.*
(Also reported in 279 N.W.2d 459.)

For the appellants there were briefs by *James T. Murray, Jr.,* and *Borgelt, Powell, Peterson & Frauen, S.C.,* of Milwaukee, and oral argument by *Mr. Murray.*

For the respondent there was a brief by *Michael B. Rick* and *Godsell, Weber, Bruch, Rick & Sage, S.C.,* of Hales Corners, and oral argument by *Michael B. Rick.*

SHIRLEY S. ABRAHAMSON, J. Norman Thomas appeals from the circuit court's judgment dismissing on the merits his complaint against Allen Van Dyken for breach of an oral agreement. We conclude that the "judgment" is not appealable, and accordingly we dismiss the appeal.

Norman Thomas, president of Thomas Disposal Service, and Allen Van Dyken, president of Town and County Disposal, Inc., each engaged in the business of garbage and rubbish collection, met in 1970 and decided they each needed a facility in which to dump the garbage and rubbish they collected. On May 28, 1971, Thomas and Van Dyken purchased property which had been used as a gravel pit, as tenants in common, Thomas with a two-thirds undivided interest, Van Dyken with a one-third undivided interest. Thomas contributed $10,000 to the down payment on the land, and Van Dyken, $5,-000. They agreed to share further expenses connected with the property in the same proportion. Mrs. Thomas kept the records and regularly informed Van Dyken of what he owed.

The testimony at trial and the oral arguments on appeal support the view that the purpose of the purchase was to obtain a site at which to dump the residential garbage and rubbish they collected in their respective businesses. In order to use the land for this purpose,

Thomas and Van Dyken applied for a sanitary landfill permit on September 13, 1971.

At a meeting of the Muskego City Plan Commission on December 7, 1971, several neighbors appeared in opposition to the granting of the sanitary landfill permit. At its December 7, 1971 meeting the Plan Commission decided to require, as conditions of a sanitary landfill permit, that Thomas and Van Dyken monitor the wells in the area and guarantee by bond or other means that any well contaminated by the landfill would be replaced at their expense.

Monitoring of the wells in the vicinity did not appear to be an impediment. Van Dyken, however, was unable to obtain a bond to guarantee replacement of contaminated wells, and Thomas did not attempt to obtain one.

On March 6, 1972, Van Dyken made his last contribution to the expenses associated with the purchase of the property and the application for a sanitary landfill permit. Thomas thereafter made all payments and other expenditures.

The Plan Commission recommended on October 3, 1972, that the application for a sanitary landfill permit be denied. On October 10, 1972, the Common Council of the City of Muskego denied the application, on the ground that "sufficient guarantee regarding the protection of the wells could not be realistically provided."

Thomas began the instant action against Van Dyken on August 9, 1974. In his complaint Thomas alleged that Van Dyken breached their agreement. The complaint sought $7,021 as the amount allegedly owed by Van Dyken as his share of expenditures up to May 30, 1974; it sought $6,000 as compensation to Thomas and his wife for the fair and reasonable value of their services to the venture; and it asked that Van Dyken's interest in the property be terminated and applied against the monetary damages suffered. Van Dyken counterclaimed for par-

tition of the property or sale thereof and a division of the proceeds between the parties according to their respective rights and interest.

The circuit court held a trial with a jury on Thomas' cause of action for breach of the oral agreement and stated that the court without jury would decide the counterclaim for partition.

The trial court explained its procedure in handling the case as follows:

"On the counterclaim Mr. Van Dyken has requested relief in the form of a partition for a court determination of the relative rights of the parties insofar as the expenses paid in, the value of the property, and the relative shares, if any, that might belong to each of the parties to the agreement.

"The court indicated at the time of trial that it felt that these were issues that could be determined by the court itself without the jury at such time subsequent to that jury trial as it might appropriately do so. I am still of that opinion that the question of partition is an equitable question that can be handled by the court based upon the testimony adduced at the jury trial and additionally, if further testimony is necessary to assist the court in arriving at that partition decision the court can order such evidence or testimony presented to it."

By a special verdict question the jury was asked whether Van Dyken breached the oral agreement entered into with Thomas for development of a sanitary landfill site. The jury responded that there was no breach of contract and the trial court directed that judgment be entered on the verdict dismissing Thomas' complaint on its merits. The court further directed that "the judgment provides that the question of partition of the property and the issues of the relative rights of the parties be determined by the court at a further proceeding . . . ." Judgment was entered on May 14, 1976, dismissing the complaint; the judgment was silent as to the

partition action. Thomas appeals from that judgment. The circuit court has not yet tried the partition question.

The appellate briefs of the parties in the case at bar do not raise or discuss the question of whether the circuit court's judgment is appealable. However at oral argument this court inquired of counsel whether the judgment is appealable.

If the judgment is not appealable, this court is without jurisdiction to consider the merits of the controversy. *Aspenleiter v. Wm. Beaudoin & Sons, Inc.,* 64 Wis.2d 390, 219 N.W.2d 310 (1974) ; *Northland Greyhound Lines v. Blinco,* 272 Wis. 29, 31, 74 N.W.2d 796 (1956) ; *Kling v. Sommers,* 252 Wis. 217, 31 N.W.2d 206 (1948) ; *Wilt v. Neenah Cold Storage Co.,* 130 Wis. 398, 110 N.W. 177 (1907). That the question of appealability has not been raised by the parties is immaterial; such failure cannot confer jurisdiction. *Richter v. Standard Mfg. Co.,* 224 Wis. 121, 271 N.W. 14, 271 N.W. 914 (1937).

Unless an appeal from a circuit court's determination is authorized by statute, that determination is not appealable. *In re Fish,* 246 Wis. 474, 476, 17 N.W.2d 558 (1945). The statutes applicable to the case at bar provide for appeals from final judgments, interlocutory judgments and orders. However, the label given the document by the circuit court or the parties is not binding on this court in deciding the question of appealability. We will look beyond the form and the label of the document to the substance and nature of the determination.[1]

[1] *Swarthout v. Swarthout,* 111 Wis. 102, 106, 86 N.W. 558 (1901); *In re Estate of Maurer,* 234 Wis. 601, 603, 291 N.W. 764 (1940); *In re Henry S. Cooper, Inc.,* 240 Wis. 377, 388, 2 N.W.2d 866 (1942); Conway, *Wisconsin & Federal Civil Procedure,* sec. 71.01 (2d ed. 1976); Martineau & Malmgren, *Wisconsin Appellate Practice,* sec. 402 (1978).

We conclude that the "judgment" from which Thomas seeks to appeal in the case at bar is not appealable as a final judgment, interlocutory judgment or order.

Sec. 817.09(2), Stats. 1975, provides that the right to appeal applies to a final judgment rendered in an action.[2] Sec. 806.01(1)(a), Stats. 1975, defines a judgment as "the determination of the action."[3] Sec. 260.03, Stats. 1973,[4] defines action (which is not the equivalent of a cause of action)[5] to be a court proceeding:

"An action is an ordinary court proceeding by which a party prosecutes another party for the enforcement or prosecution of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding."

We have stated that a final judgment in an action, for purposes of sec. 817.09, Stats. 1975, is the determination which terminates proceedings of the trial court. *Northwestern Wis. Elect. Co. v. Public Service Comm.*, 248 Wis. 479, 484, 22 N.W.2d 472, 23 N.W.2d 459 (1946). A determination is a final judgment for purposes of appeal when the trial court has completed its adjudication

[2] Sec. 817.09(2), Stats. 1975, provides:

"(2) Said right of appeal applies to final orders and judgments rendered upon appeals from or reviews of the proceedings of tribunals, boards and commissions, and to final judgments and orders whether rendered in actions or in special proceedings without regard to whether the action or proceeding involves new or old rights, remedies or proceedings and whether or not the right to appeal is given by the statute which creates the right, remedy or proceeding."

[3] Sec. 806.01(1)(a), Stats. 1975 replaced sec. 270.53, Stats. 1973 which stated: "A judgment is the final determination of the rights of the parties in the action."

[4] Sec. 260.03, Stats. 1973, applies to the instant case by virtue of sec. 801.01(3)(a), Stats. 1975.

[5] *Markman v. Becker*, 6 Wis.2d 438, 441, 442, 95 N.W.2d 233 (1959).

of the rights of the parties in the action. A judgment is final for purposes of appeal when it terminates the litigation on the merits, when it disposes of the entire matter in litigation, precluding further proceedings except enforcement by execution.[6]

It is clear that the trial court's determination in the case at bar, although denominated a judgment, was not an appealable final judgment because the court's determination did not finally adjudicate the rights of the parties to the court proceeding. The jury verdict decided issues of fact which were only part of the total proceeding. The trial court recognized that the relative rights of the parties regarding partition and expenses and contributions were still left to be determined.[7] At oral argument counsel for Thomas (appellant here) agreed that after the issues raised by the counterclaim are decided Thomas might not be an aggrieved party who wishes to appeal.

Nor was the trial court's determination an interlocutory judgment appealable under sec. 817.09, Stats. 1975.[8] An interlocutory judgment is one which substantially disposes of the merits of the controversy; that which remains to be decided must be susceptible to a substan-

[6] Sec. 808.03, Stats. 1977, relating to judgments final for purposes of appeal to the court of appeals states that a final judgment is one "which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

[7] Where there are separate trials for legal and equitable issues there is no final judgment for appeal purposes until all the issues have been resolved and judgment entered on the whole case. 9 Wright & Miller, *Federal Practice and Procedure* secs. 2387, 2391, 2392 (1971).

[8] Sec. 817.09, Stats. 1975 provides, *inter alia,* "appeals may be taken from interlocutory judgments."

tially ministerial, fact-finding function. Sec. 806.01, Stats. 1977;[9] *Collins v. Gee*, 82 Wis.2d 376, 381, 382, 263 N.W.2d 158 (1978).

In the instant case the judgment left the counterclaim for partition to be decided. In a partition action, under ch. 842, Stats., the circuit court must determine the rights of the parties. *See* secs. 842.07, 842.10(1), 842.11 (1), 842.14(4), 842.17(1), Stats. Such a determination of rights is far from the ministerial finding of facts which alone remains after the entry of an interlocutory judgment.

Finally, the circuit court's determination is not an order appealable under sec. 817.33, Stats. 1975, as ". . . affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." The trial court's determination does not prevent the taking of a judgment from which an appeal may be taken. Nor is that determination appealable as one of the other types of orders enumerated in sec. 817.33, Stats. 1975.[10]

Because the trial court's determination is not an appealable final judgment, interlocutory judgment or order, this appeal must be dismissed.

*By the Court.*—Appeal dismissed.

[9] Sec. 806.01(2), Stats. 1977, provides:

"(2) If a partial judgment is proper in an action with several parties, the court in its discretion, may render judgment against one or more of the defendants and dismiss or permit the action to proceed against the others. In case of a finding substantially disposing of a claim on its merits, but leaving an account to be taken or a condition to be performed in order fully to determine the rights of the parties, an interlocutory judgment may be rendered disposing of all issues covered by the finding and reserving final judgment."

[10] Sec. 817.33(2), (3), Stats. 1975:

"**Appealable orders.** The following orders when made by the court may be appealed to the supreme court:

"...

"(2) A final order affecting a substantial right:

"(a) Made in special proceedings, without regard to whether
the proceedings involve new or old rights, remedies or proceedings
and whether or not the right to appeal is given by the statutes
which created the right, remedy or proceedings, or

"(b) Made upon a summary application in an action after
judgment.

"(3) When an order:

"(a) Grants, refuses, continues or modifies a provisional rem-
edy;

"(b) Grants, refuses, modifies or dissolves an injunction;

"(c) Sets aside or dismisses a writ of attachment;

"(d) Grants a new trial;

"(e) Grants or overrules a motion to dismiss under s. 802.06(2)
or a motion for judgment on the pleadings based on total in-
sufficiency of pleaded defenses under s. 802.06(3) or a motion to
strike based on the insufficiency of one or more pleaded defenses
under s. 802.06(6);

"(f) Decides a question of jurisdiction;

"(g) Grants or denies a motion for stay of proceeding under
s. 801.63; or

"(h) Denies a motion for summary judgment."