Brian R. BROWNSELL, Plaintiff-Appellant,

v.

Emil E. KLAWITTER and Anne H. Klawitter, Defendants-Respondents.†

Court of Appeals

*No. 80–373. Submitted on briefs September 10, 1980.—Decided October 24, 1980.*
(Also reported in 299 N.W.2d 292.)

For the appellant, the cause was submitted on the briefs of *Mary Pat Koesterer* and *Quarles & Brady,* of Milwaukee.

† Petition to review granted.

For the respondents, the cause was submitted on the brief of *Jack L. Goodsitt* and *Goodsitt & Goodsitt,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

DECKER, C.J.    We conclude that we do not have jurisdiction and therefore dismiss this appeal.

On May 25, 1978, Brian R. Brownsell commenced an action for specific performance of a real estate agreement between the appellant and the respondents, Emil E. and Anne H. Klawitter.    The Klawitters answered Brownsell's complaint and counterclaimed for abuse of process.    Upon stipulation of the parties, the trial court ordered bifurcated trials for the complaint and the counterclaim.[1]

Brownsell's complaint for specific performance was heard by the trial court on January 2 and 3 of 1980. The trial court dismissed Brownsell's complaint finding that the plaintiff failed to establish a cause of action. Judgment dismissing the complaint was entered January 24, 1980.    The trial court specifically deferred trial of the abuse of process counterclaim until disposition of this appeal.

---

[1] We have previously stated that the proper rule where a counterclaim for abuse of process is based upon maintenance of the action encompassed in the complaint is that of *Slaff v. Slaff,* 151 F. Supp. 124, 125 (S.D.N.Y. 1957) :

A claim which might arise out of the bringing of the main action or out of allegations in the pleadings, or proceedings taken in the course of the main action, may not be made the subject of a counterclaim.    Such a claim is premature and cannot ripen or mature until the main action has been determined. *M. Bryce & Associates, Inc. v. Gladstone,* 88 Wis.2d 48, 59, 276 N.W. 335, 340 (Ct. App. 1979).

Because *Gladstone* was decided after this action was commenced and before it was tried, the bifurcation of the trial may have been utilized as a means of complying with *Gladstone.*

Brownsell appeals the dismissal of the complaint. The notice of appeal regarding the dismissal of the appellant's complaint was filed February 25, 1980. The parties have not raised issues as to whether the judgment in the case at bar is appealable. It is this court's duty to consider its jurisdiction on appeal. *See Mack v. Joint School District No. 3*, 92 Wis.2d 476, 484, 285 N.W.2d 604, 608 (1979); *State v. F.R.W.*, 61 Wis.2d 193, 198, 212 N.W.2d 130, 132 (1973); *McCarville v. Hinkins*, 46 Wis.2d 689, 694, 176 N.W.2d 376, 379 (1970).

We are not bound by the label given the document by the trial court when deciding questions of appealability. *Thomas/Van Dyken Joint Venture v. Van Dyken*, 90 Wis.2d 236, 241, 279 N.W.2d 459, 462 (1979). The parties' failure to raise the question of appealability cannot confer jurisdiction on this court. *Id.* at 241, 279 N.W.2d at 462; *Richter v. Standard Manufacturing Co.*, 224 Wis. 121, 126–27, 271 N.W. 14, 17 (1937).

The appropriate jurisdiction issues are:

1. Is the trial court's judgment a final judgment under sec. 808.03(1), Stats., and appealable as a matter of right; and

2. If the trial court judgment is not final, should the court exercise discretionary jurisdiction under sec. 808.-03(2), Stats.?

## APPEALABILITY AS A MATTER OF RIGHT

Sec. 808.03(1), Stats., provides:

Appeals as of right. A final judgment or a final order of a circuit court or county court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding.

The Judicial Council Committee's Note to sec. 809.50, Stats., states: "Section 808.03 (1) makes only final judgments and final orders appealable as of right." Sec. 809.50, Wis. Stat. Ann. (Supp. 1979). Under sec. 808.03 (1) a final judgment is defined as one "which disposes of the entire matter in litigation as to one or more of the parties . . . ."

The subject matter of this litigation is the appellant's complaint for specific performance and the respondents' counterclaim for abuse of process.[2] The trial court's dismissal of the complaint does not resolve the merits of the entire matter in litigation as to one or more of the parties because of the unresolved counterclaim. The judgment of the trial court does not constitute a final judgment within the definition of sec. 808.03 (1), Stats., and is not appealable as a matter of right.

## COURT'S EXERCISE OF DISCRETIONARY JURISDICTION

Under sec. 808.03 (2), Stats., the court may exercise discretionary jurisdiction and decide matters on appeal from nonfinal judgments.[3] Sec. 808.03 (2) must be read

[2] *See* note 1, *supra.*

[3] Sec. 808.03 (2) provides:

Appeals by permission. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

(b) Protect the petitioner from substantial or irreparable injury; or

(c) Clarify an issue of general importance in the administration of justice.

with sec. 809.50, Stats.[4] Sec. 809.50 provides the procedure for requesting the court's permission to appeal a nonfinal judgment or order.[5]

The judgment in this case was entered January 24, 1980. The notice of appeal was filed February 25, 1980. The statutory ten-day time frame to seek the court's permission to appeal a nonfinal order has passed. In the notice of appeal the appellant did not request permission to appeal a nonfinal order. We do not exercise discretionary jurisdiction under sec. 808.03(2), Stats. The appeal is dismissed.

*By the Court.*—Appeal dismissed.

---

[4] Sec. 809.50(1) provides:

Rule (Appeal from judgment or order not appealable as of right.) (1) A person shall seek leave of the court to appeal a judgment or order not appealable as of right under s. 808.03(1), by filing within 10 days of the entry of the judgment or order a petition and supporting memorandum, if any. The petition must contain:

(a) A statement of the issues presented by the controversy;

(b) A statement of the facts necessary to an understanding of the issues; and

(c) A statement showing that review of the judgment or order immediately rather than on an appeal from the final judgment in the case or proceeding will materially advance the termination of the litigation or clarify further proceedings therein, protect a party from substantial or irreparable injury, or clarify an issue of general importance in the administration of justice.

[5] We do not decide this case upon the basis of whether the judgment in question is interlocutory or final per sec. 806.01, Stats. While this judgment is obviously interlocutory, we have applied the test provided by the definition of *appealability* in sec. 808.-03(1).