REPUBLIC CAPITAL BANK, S.S.B., Plaintiff-Respondent,

v.

Wayne G. LUCHINI, a/k/a Wayne Luchini, d/b/a Luchini Shelters & Luchini Construction, and Mary G. Luchini, husband and wife, Defendants-Third Party Plaintiffs-Appellants,†

Roberta J. SOMMERS, n/k/a Roberta J. Fero, University of Wisconsin Credit Union, Dennis L. Matteson, State of Wisconsin, Lycon, Inc., Lisa Thompson, Joanne Storves, Kathy Weitala, Dana Dragic, Gerald Oberie, and Marjorie Oberie, Defendants,

Ronald D. FERO, Robert B. Fero, Ray Walton and Ruth Walton, husband and wife, d/b/a Century 21-Walton Realty, Sue White, John Does and Jane Does, d/b/a American Home, Joseph J. Pollack, Dennis M. Bush, individually and as Vice President of Republic Capital Group, Inc., Kerry Larsen, individually and as Senior Vice President of Republic Capital Bank, S.S.B., Republic Capital Group, Inc., Republic Capital Bank, S.S.B., John Does and Jane Does, d/b/a American Home Improvement, John Does and Jane Does, d/b/a Contracting by Craftsmen, Third Party Defendants.

Court of Appeals

*No. 89-1907. Submitted on motions.—Decided December 13, 1989.*

---

†Petition to review filed. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

(Also reported in 451 N.W.2d 474.)

On behalf of the defendants-third party plaintiffs-appellants, a pro se motion was filed by Wayne and Mary Luchini.

On behalf of the plaintiff-respondent, a motion was filed by *Ross A. Anderson* and *Brian G. Cahill* of *Frisch Dudek, Ltd.* of Milwaukee.

Before Brown, P.J., Scott and Nettesheim, JJ.

PER CURIAM. The appellants, *pro se,* have appealed a foreclosure judgment ordering a property sale on December 15, 1989. They also seek relief pending appeal staying the sale. The respondent has filed a motion to dismiss the appeal on the ground that the judgment is a nonfinal judgment because a counterclaim is still pending before the circuit court. We determine that the judgment appealed from is nonfinal and therefore we have no jurisdiction of the appeal. The motion to dismiss is granted. Accordingly, the motion for relief pending appeal is also denied.

On September 14, 1989, summary judgment for foreclosure was entered in favor of the respondent. This judgment was appealed by a notice of appeal filed on October 31, 1989.

On October 9, 1989, the counterclaim and third-party complaint filed by the appellants against the respondent was dismissed. However, the appellants were granted leave to replead their counterclaim against the respondent and they did so by filing an amended counterclaim on November 8, 1989. The counterclaim seeks a "judgment against REPUBLIC for the actual damages to be proved at trial, as and for punitive damages, and for the costs of this action."

Section 808.03(1), Stats., provides that a final judgment, appealable as of right, is a judgment which disposes of the entire matter in litigation as to one or more of the parties. Usually a judgment of foreclosure and sale disposes of the entire matter in litigation and is a final judgment appealable as a matter of right under sec. 808.03(1). *Anchor Sav. & Loan Ass'n v. Coyle,* 148 Wis. 2d 94, 101, 435 N.W.2d 727, 729-30 (1989). However, in this instance a counterclaim is pending and the litigation between the parties necessarily continues. The judgment appealed from is not final because of the counterclaim yet to be resolved. *Brownsell v. Klawitter,* 99 Wis. 2d 407, 410, 299 N.W.2d 292, 294 (Ct. App. 1980), *aff'd,* 102 Wis. 2d 108, 306 N.W.2d 41 (1981). We have no jurisdiction of this appeal.

Although we may exercise discretionary jurisdiction over nonfinal judgments under sec. 808.03(2), Stats., we do not find compelling reasons to do so here. Because we dismiss the appeal, we do not address the appellants' motion for relief pending appeal for a stay of the December 15, 1989, foreclosure sale. Our inability to address

the motion should not be construed as reflecting on the merits of the appellants' position for a stay of the sale pending the continued litigation between the parties and does not preclude an appropriate motion before the circuit court.

*By the Court.*—Appeal dismissed.