# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 18, 2026

Samuel A. Christensen
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2064-CRNM**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF277

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

GUSTIN J. KING,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge. *Appeal dismissed.*

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. This no-merit appeal requires us to address our appellate jurisdiction where the appellant was convicted of three crimes but a fourth criminal count in the same case remains unresolved due to a Deferred Judgment Agreement ("DJA"). Applying the plain language of WIS. STAT. § 808.03(1) (2023-24),[1] we conclude that we lack jurisdiction over this premature no-merit appeal. While the three crimes resulted in a conviction and sentencing on those three counts, there is not yet a final judgment that disposes of the entire matter in this litigation between the parties. Therefore, the appeal is dismissed.

¶2 King was charged with three misdemeanors and a felony. In October 2023, King reached a plea agreement with the State that included a DJA for the felony count. Pursuant to that agreement, King pled guilty to three misdemeanors. King also pled guilty to the felony, but he was not sentenced on that count, and a judgment of conviction will not be entered on the felony count while the agreement is in effect. If King successfully completes the terms of the DJA, the State "will move to dismiss this charge without costs and with prejudice." If King violates the conditions of the DJA, he "will be brought back to court for sentencing."

---

[1] WISCONSIN STAT. § 808.03(1) provides in relevant part:

> APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties[.]

All references to the Wisconsin Statutes are to the 2023-24 version.

¶3     On November 7, 2023, the circuit court entered an order approving the DJA. On that same day, it sentenced King for the three misdemeanors. The circuit court entered a judgment of conviction that indicates King was convicted of three misdemeanors. The judgment of conviction does not reference the unresolved felony count.

¶4     King filed a notice of intent to pursue postconviction relief from the judgment of conviction. In October 2024, his appointed appellate counsel filed the no-merit notice of appeal that led to the opening of this appeal.

¶5     This court has an independent duty to determine its jurisdiction over each appeal. *See Carla B. v. Timothy N.*, 228 Wis. 2d 695, 698, 598 N.W.2d 924 (Ct. App. 1999). Our review of the appellate record led us to question our jurisdiction because one of the criminal charges in the case remains unresolved. We entered an order directing the parties to file memoranda addressing this court's appellate jurisdiction. We explained:

> An appeal may be taken as a matter of right only from a judgment that disposes of the entire matter in litigation as to one or more parties. WIS. STAT. § 808.03(1). Arguably in this case the entire matter in litigation between the parties has not been disposed of. The felony count remains in suspension. That count will either be dismissed at the conclusion of the [DJA], or it will be revived and King will return to court for sentencing. Therefore, this court questions whether an appeal as a matter of right can be taken at this time as to any of the counts. *See State v. Malone*, 136 Wis. 2d 250, 257-60, 401 N.W.2d 563 (1987) (the finality requirement of § 808.03(1) applies to denial of a postconviction motion made under WIS. STAT. RULE 809.30); *State v. Rabe*, 96 Wis. 2d 48, 57, 291 N.W.2d 809 (1980) (the finality of orders in criminal cases is not tested by any less rigorous standard than that set forth in § 808.03(1)).

¶6      In his memorandum, King argues that this court has jurisdiction over the appeal.  He asserts:

> Pursuant to [WIS. STAT. §§ and RULES] 808.03(1), 809.30, 809.32 and 974.02(1), entry of a judgment of conviction and order imposing sentence is a final order of a circuit court that may be appealed as a matter of right.  The trigger event specified in RULE 809.30(2)(b) is "sentencing" and [RULES] 809.30(2)(j) and 809.32(2) provide that appeal may be taken from entry of the resulting "judgment of conviction."  There is no qualification or exception.  It is of no consequence that the judgment of conviction is entered on all counts charged or on only some.  By rule, when a judgment of conviction is entered following sentencing, that judgment is a final order of a court for purposes of appeal.

Recognizing that the entire matter in litigation must be disposed of, King further argues that when the circuit court accepted the DJA on one count, it "'completed its adjudication of the rights of the parties' on that count, leaving 'nothing to be done but to enforce by execution what has been determined'" (quoting *Thomas/Van Dyken Joint Venture v. Van Dyken*, 90 Wis. 2d 236, 242-43, 279 N.W.2d 459 (1979) and *Anchor Savings & Loan Ass'n v. Coyle*, 148 Wis. 2d 94, 100, 435 N.W.2d 727 (1989)).  Accordingly, King contends, "[t]he circuit court's entry of a judgment of conviction on the remaining counts terminated the proceeding in the circuit court and left no other justiciable matter pending before that court," so "an appeal from that judgment is available as a matter of right."

¶7      In response, the State argues that this court lacks jurisdiction over the appeal under WIS. STAT. § 808.03(1) because the circuit court has not entered a judgment "that disposes of the entire matter in litigation."  *See id.*  The State continues:

> The deferral agreement postponed the decision to dismiss or convict King on that count for three years.  While a final

> order has been entered as to some counts, the matter as a whole is not final….
>
> To allow King to appeal only some counts could result in two separate direct appeals of one criminal case…. This is precisely the result that WIS. STAT. § 808.03(1) is designed to avoid.

¶8 Although both parties cite cases that discuss finality in other contexts, it is undisputed that neither the supreme court nor this court has previously determined, in a published decision, whether the court of appeals has jurisdiction to review a judgment of conviction when one or more criminal counts remain unresolved due to the existence of a DJA. However, our supreme court has clearly held that the finality requirement of WIS. STAT. § 808.03(1) applies in criminal cases. *See **Rabe***, 96 Wis. 2d at 57.

¶9 Applying the plain meaning of WIS. STAT. § 808.03(1), we conclude that the judgment of conviction entered in this case was not final for purposes of appeal because it did not "dispose[] of the entire matter in litigation." *See* § 808.03(1); *see also **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 ("[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'") (citation omitted). A judgment of conviction was not entered on the felony count and sentencing on that count has not taken place, and dismissal has also been deferred. Although King attempts to satisfy the finality language of § 808.03(1) by describing the felony count as having been "disposed of" by the DJA, disposal was precisely the thing being deferred. Our current understanding is that every charged criminal count must eventually conclude with either dismissal or a conviction. King's DJA postponed both of those acts, and instead required the circuit court to perform one of them in the future.

¶10     Therefore, at this time, we lack jurisdiction to review the judgment of conviction for the three misdemeanor counts.  Once the felony count is resolved by entry of a final order or judgment, King will be able to seek postconviction review of the entire case.

¶11     This court acknowledges that the lack of finality created by entering a DJA on one or more counts in a criminal case may delay appellate review of counts for which a defendant was sentenced in the same circuit court case.  This is a factor parties may wish to consider when they negotiate the terms of a DJA, which, we emphasize, is a voluntary agreement entered into by the parties and approved by the circuit court.

¶12     Finally, we turn to an alternative request from King.  He asks that if we conclude that we lack jurisdiction over this no-merit appeal, we exercise our discretion to grant leave to appeal a non-final order so that this court's no-merit review of the three misdemeanor convictions can proceed without delay.  We are not persuaded that the criteria for granting leave to appeal are satisfied in this case.  *See* WIS. STAT. § 808.03(2).  Therefore, that alternative request is denied.

>     *By the Court.*—Appeal dismissed.

>     Recommended for publication in the official reports.